UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NELSON FORTES,<br><br>      Petitioner,<br><br>v.<br><br>STEVEN SOUZA, Superintendent,<br><br>      Respondent. | No. 19-CV-10042-DLC |

**REPORT AND RECOMMENDATION ON RESPONDENT'S
MOTIONS TO DISMISS (D. 9 & 16)**

CABELL, U.S.M.J.:

    Nelson Fortes was as of January 2019 being detained at the Bristol County Jail and House of Corrections (Bristol) in North Dartmouth, MA. On January 8, 2019, he submitted a petition for a writ of habeas corpus on the ground that he was being unlawfully detained. Previously, Fortes was taken into custody in August 2018 based on a final order of removal from the United States, issued October 28, 2008. Fortes argued that his continued detention was unlawful because it had extended beyond the 90-day period allowed for under 8 U.S.C. § 1231.

    Respondent Steven Souza is the Superintendent at Bristol. On January 30, 2019, Souza filed a first motion to dismiss. (D. 9). He argues, correctly, that § 1231(a)(6) allows the government to detain an alien beyond the 90-day removal period, and cites the

Supreme Court's decision in *Zadvydas v. Davis* for the proposition that six months is a presumptively reasonable period of time to detain an alien to effectuate his removal.  533 U.S. 678, 701 (2001).  Because Fortes had been in custody for under five months at the time he filed his petition, Souza argued that Fortes was not entitled to habeas relief under *Zadvydas*.  (D. 10).

On February 22, 2019, this court entered an order noting that Fortes had not responded to the respondent's motion to dismiss. The court indicated that it would treat the motion as unopposed if Fortes did not submit a response by March 6, 2019.  (D. 11). Fortes did not respond.

On March 22, 2019, the court entered an order to show cause by April 9, 2019 why the petition should not be dismissed for failure to prosecute in light of the petitioner's failed to file any response to the court's order.  (D. 14).  The court further admonished Fortes that if he "fail[ed] to respond by the required court date the court may recommend this case be dismissed." (Id.). A copy of the court's order was also mailed to Fortes.  (D. 15).

On March 25, 2019, Souza filed a second motion to dismiss. (D. 16). Souza, through an attached Declaration of Alan Greenbaum, Assistant Field Office Director, U.S. Department of Homeland Security, ICE, Enforcement and Removal Operations, informed the court that Fortes was released from ICE detention on March 22,

2019, pursuant to "an Order of Supervision," and argued that his habeas petition was therefore moot. (D. 17).

Shortly thereafter, on March 28, 2019, the court received correspondence from Fortes dated March 20, 2019. The petitioner stated *inter alia* that he did not understand the court's February 22nd order because he had never received a copy of the respondent's first motion to dismiss. (D. 18).

On May 14, 2019, the court's show cause order sent to the petitioner on March 22nd was returned as undeliverable. (D. 19).

Against this backdrop, this court on May 21, 2019 ordered the respondent to provide a copy of the "Order of Supervision" pursuant to which the petitioner was purportedly released on March 22, 2019, which the respondent duly filed on May 29, 2019. (D. 20, 21). The Order of Supervision makes it clear that Fortes was released from custody on March 22, 2019, and directed to next appear in person at ICE's Burlington, MA field office on April 22, 2019. (D. 21). It is unclear whether Fortes appeared as required, or what may have happened if he did.

Based on the foregoing, I find that the petitioner was released from custody on March 22, 2019, and agree with the respondent that the petition for a writ of habeas corpus is now moot. *See Horizon Bank & Trust Co. v. Massachusetts*, 391 F.3d 48, 53 (1st Cir. 2004) ("a case is moot when the court cannot give any effectual relief to the potentially prevailing party"); *Hernandez*

3

*v. Winn*, 05-cv-40068 (D. Mass. Dec. 22, 2005), ECF No. 22 (dismissing habeas petition as moot after government released petitioner from custody).

Accordingly, I recommend that this case be redrawn for a district judge to grant the respondent's second motion to dismiss. (D. 16).  I further recommend that the district judge terminate the respondent's first motion to dismiss as moot.  (D. 9).[1]

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  July 22, 2019

---

[1] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13 (1st Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140 (1985).